```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/12/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA,            :
                                     :
                                     :     **08 CR 391(VM)**
        -against-                    :     **DECISION AND ORDER**
                                     :
RAFAEL CAJIGAS,                      :
                                     :
                    Defendant.       :
------------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

By letter dated September 8, 2020, defendant Rafael Cajigas ("Cajigas") moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 41.) The Court denied the motion on November 11, 2020. United States v. Cajigas, No. 08 CR 391, 2020 WL 6625210 (S.D.N.Y. Nov. 11, 2020); see also Dkt. No. 42.

Now pending before the Court is an undated letter from Cajigas, filed April 5, 2021, seeking appointment of counsel to assist Caijgas in moving for reconsideration of the Court's previous order denying compassionate release. (See "Motion," Dkt. No. 48.) For the reasons set forth below, the Motion is DENIED.

In criminal matters, the right to appointed counsel "extends to the first appeal of right, and no further." Starkes v. United States, No. 20 Civ. 0265, 2020 WL 230944, at *1 (S.D.N.Y. Jan. 15, 2020) (quoting Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). For defendants, like

1

Cajigas, bringing motions under Section 3582, the decision whether to appoint counsel "rest[s] in the discretion of the district court." United States v. Cirineo, 372 F. App'x 178, 179 (2d Cir. 2010). Here, the Court finds that the appointment of counsel is unwarranted given the Motion's low likelihood of success. Id. (quoting United States v. Reddick, 53 F.3d 462, 465 n.2 (2d Cir. 1995) (noting "that the merits of the motion will be a 'significant factor' in the exercise of that discretion")); see also Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986) ("[C]ounsel is often unwarranted where the indigent's chances of success are extremely slim.").

Reconsideration is "an extraordinary remedy to be employed sparingly." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). As the Second Circuit has explained, the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

On the present Motion, Cajigas represents that he became seriously ill when he recently contracted COVID-19 because of an outbreak at Federal Correctional Institution ("FCI") Schuylkill where he is incarcerated. This, he argues, entitles him to compassionate release under 18 U.S.C. § 3582.[1] While a defendant's recent recovery from COVID-19 does not preclude a finding of extraordinary and compelling circumstances, here Cajigas has not argued that the Court might reasonably have reached a different conclusion because of his recent diagnosis. See Shrader, 70 F.3d at 257.

Nevertheless, the Court need not determine whether extraordinary and compelling circumstances exist in this case

---

[1] The Court notes that Cajigas seeks relief under 18 U.S.C. § 3582 and 18 U.S.C. § 4205(s). The Court will not consider the latter statute because Cajigas likely meant to cite Section 4205(g), the original compassionate release statute, which has since been repealed. See United States v. Rivera, No. 86 CR 1124, 2020 WL 2094094, at *3 (S.D.N.Y. May 1, 2020) (citing 28 C.F.R. § 572.40(a) (1992)). Section 4205(g) applies only to inmates serving sentences imposed before the effective date of the Sentencing Reform Act ("SRA") of 1984. Id. at *3. Thus, inmates such as Cajigas, who were sentenced after the SRA went into effect, "must avail themselves of § 3582(c)(1)(A)." Id.

3

in light of Cajigas's recent COVID-19 infection. Cajigas's Motion fails for the independent reason that he has not provided any basis for the Court to revisit its analysis of the sentencing factors under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A) (noting that if the court finds extraordinary and compelling reasons warranting relief, it shall consider "the factors set forth in section 3553(a) to the extent that they are applicable"). As the Court previously stated, an innocent bystander was killed and another person was seriously injured in connection with Cajigas's criminal conduct. Cajigas, 2020 WL 6625210, at *3. In light of the serious nature of the offense conduct, the Court found, among other things, that a sentence reduction would not adequately reflect the severity of Cajigas's offense. Id. Because Cajigas has not provided any reason the Court should reconsider this determination, his Motion would likely fail. The Court therefore denies his request for appointment of counsel. See Cirineo, 372 F. App'x at 179.

    Accordingly, it is hereby

    **ORDERED** that defendant Rafael Cajigas's motion for appointment of counsel (Dkt. No. 48) is **DENIED**. The Clerk of Court is directed to mail a copy of this Order to Rafael Cajigas, Register Number 70495-054, Schuylkill FCI, Federal

Correctional Institution, P.O. Box 759, Minersville, PA 17954-0759, and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       12 April 2021

_____
Victor Marrero
U.S.D.J.